## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC, )<br><br>    Plaintiff, )<br><br>  v. )<br><br>AEROPOSTALE, INC., DICK'S )<br>SPORTING GOODS, INC., CHARLOTTE )<br>RUSSE, INC., GSI COMMERCE )<br>SOLUTIONS, INC., FOGDOG, INC., )<br>NATIONAL BASKETBALL )<br>ASSOCIATION, INC., NBA )<br>PROPERTIES, INC., NBA MEDIA )<br>VENTURES, LLC, MAJOR LEAGUE )<br>BASEBALL PROPERTIES, INC., MLB )<br>ADVANCED MEDIA, L.P., LINENS 'N )<br>THINGS, INC., TWEETER HOME )<br>ENTERTAINMENT GROUP, INC., )<br>TWEETER NEWCO, LLC, TWEETER )<br>OPCO, LLC, BUY.COM, INC. )<br><br>    Defendants. )<br> ) | Civil Case No. 07cv5567<br><br>SECOND AMENDED COMPLAINT<br><br>JURY TRIAL DEMAND |

## SECOND AMENDED COMPLAINT

Plaintiff Picture Patents, LLC (hereinafter referred to as "Picture Patents"), by and through undersigned counsel, hereby brings this Second Amended Complaint against Defendants Aeropostale, Inc. (hereinafter referred to as "Aeropostale"), Dick's Sporting Goods, Inc. (hereinafter referred to as "Dick's Sporting Goods"), Charlotte Russe, Inc. (hereinafter referred to as "Charlotte Russe"), GSI Commerce Solutions, Inc. (hereinafter referred to as "GSI"), Fogdog, Inc. (hereinafter referred to as "Fogdog"), National Basketball Association, Inc., NBA Properties, Inc. and NBA Media Ventures, LLC (hereinafter referred to collectively as "NBA"), Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. (hereinafter referred to

collectively as "MLB"), Linens 'n Things, Inc. (hereinafter referred to as "Linens 'n Things"),

Tweeter Home Entertainment Group, Inc., Tweeter Newco, LLC and Tweeter Opco, LLC

(hereinafter referred to collectively as "Tweeter") and Buy.com, Inc. (hereinafter referred to as

"Buy.com"), (hereinafter referred to collectively as "Defendants"), and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Picture Patents, LLC is a limited liability company organized and

existing under the laws of the State of Delaware, having a principal place of business at 325

Riverside Drive, New York, NY 10025.  Picture Patents, LLC is a registered foreign limited

liability company in the State of New York and is doing business in this State and District.

2.      Upon information and belief, Aeropostale, Inc. is a corporation organized and

existing under the laws of the State of Delaware, having a principal place of business located at

112 West, 34th Street, 22nd Floor, New York, NY 10120.  Upon information and belief,

Aeropostale is also a registered foreign corporation in the State of New York.  Aeropostale has

been and is doing business in the State of New York and within this District, with a regular and

established place of business located at 112 West, 34th Street, 22nd Floor, New York, NY

10120.

3.      Upon information and belief, Dick's Sporting Goods, Inc. is a corporation

organized and existing under the laws of the State of Delaware, having a principal place of

business located at 300 Industry Drive, Ridc Park West, Pittsburgh, PA 15275.  Upon

information and belief, Dick's Sporting Goods is also a registered foreign corporation in the

State of New York and Dick's Sporting Goods has been and is doing business in the State of

New York and within this District.

4.    Upon information and belief, Charlotte Russe, Inc. is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business located at 4645 Morena Blvd., San Diego, CA 92117.  Upon information and belief, Charlotte Russe has been and is doing business in the State of New York and within this District.

5.    Upon information and belief, GSI Commerce Solutions, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having a principal place of business located at 935 First Avenue, King of Prussia, PA 19406.  Upon information and belief, GSI has been and is doing business in the State of New York and within this District.

6.    Upon information and belief, Fogdog, Inc. is a corporation organized and existing under the law of the State of Delaware, having a principal place of business located at 500 Broadway, Redwood City, CA 94063.  Upon information and belief, Fogdog has been and is doing business in the State of New York and within this District.

7.    Upon information and belief, National Basketball Association, Inc. is a not-for-profit corporation organized and existing under the laws of the State of New York, having a principal place of business located at Olympic Tower, 645 5th Avenue, New York, NY 10022. Upon information and belief, NBA Properties, Inc. is a corporation having a principal place of business located at Olympic Tower, 645 5th Avenue, New York, NY 10022.  Upon information and belief, NBA Media Ventures, LLC is a corporation having a principal place of business at 450 Harmon Meadow Blvd., Secaucus, NJ 07094.  Upon information and belief, each of the NBA entities has been and is doing business in the State of New York and within this District.

8.    Upon information and belief, Major League Baseball Properties, Inc. is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 245 Park Avenue, Floor 34, New York, NY 10167.  Upon information and

belief, MLB Advanced Media, L.P. is a partnership having a principal place of business at 75 Ninth Avenue, New York, NY 10011. Upon information and belief, each of the MLB entities has been and is doing business in the State of New York and within this District.

9.    Upon information and belief, Linens 'n Things, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business located at 6 Brighton Road, Clifton, NJ 07015. Upon information and belief, Linens 'n Things has been and is doing business in the State of New York and within this District.

10.    Upon information and belief, Tweeter Home Entertainment Group, Inc., Tweeter Newco, LLC and Tweeter Opco, LLC are corporations organized and existing under the laws of the State of Delaware, having a principal place of business located at 40 Pequot Way, Canton, MA 02021. Upon information and belief, each of the Tweeter entities has been and is doing business in the State of New York and within this District.

11.    Upon information and belief, Buy.com, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business located at 85 Enterprise Suite 100, Aliso Viejo, CA 92656. Upon information and belief, Buy.com has been and is doing business in the State of New York and within this District.

12.    This action for infringement arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281 and 283-85, et seq.

13.    This Court has jurisdiction over the subject matter of this action on at least the following grounds:

a.    28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

     b.     28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

     c.     28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to patent rights.

14.     This Court has personal jurisdiction over Defendants because, *inter alia*, upon information and belief, Defendants have conducted, and at the time of the filing of this Complaint are conducting, business in this State and District and otherwise have committed acts in this State and in this District that are the subjects of and/or related to the claims set forth herein.

15.     Venue is properly laid in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400(b).

## CLAIMS FOR PATENT INFRINGEMENT

16.     On August 21, 2001, United States Patent No. 6,278,455 ("the '455 patent") was duly and legally issued for a "Pictorial Interface For Accessing Information In An Electronic File System." A true and correct copy of the '455 patent is attached hereto as Exhibit "A" and made a part hereof.

17.     Picture Patents, LLC is the owner, by assignment, of all right, title, and interest in the '455 patent. Picture Patents has the right to bring and maintain the present action.

18.     Upon information and belief, Aeropostale manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. Aeropostale is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.aeropostale.com" website, including but not

limited to providing a pictorial interface on said websites that permits access of electronic files. Aeropostale has committed these acts of infringement throughout the United States, including in this judicial district.

19.    Upon information and belief, Aeropostale has committed acts of willful infringement as it had notice of the '455 patent and notice that it was infringing the '455 patent at least as early as when it was served with the original complaint alleging infringement, and to date, Aeropostale has not removed the infringing material from its website, and it continues to infringe the '455 patent.

20.    Plaintiff has been damaged as a result of Aeropostale's infringing conduct.

21.    Upon information and belief, Dick's Sporting Goods manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. Dick's Sporting Goods is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www. dickssportinggoods.com" website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. Dick's Sporting Goods has committed these acts of infringement throughout the United States, including in this judicial district.

22.    Plaintiff has been damaged as a result of Dick's Sporting Goods' infringing conduct.

23.    Upon information and belief, Charlotte Russe manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. Charlotte Russe is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more

websites, including but not limited to the "www.charlotterusse.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. Charlotte Russe has committed these acts of infringement throughout the United States, including in this judicial district.

24.    Plaintiff has been damaged as a result of Charlotte Russe's infringing conduct.

25.    Upon information and belief, GSI manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. GSI is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.fogdog.com," and www.aeropostale.com websites, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. GSI has committed these acts of infringement throughout the United States, including in this judicial district.

26.    Upon information and belief, GSI has been and is inducing the direct infringement of the '455 patent by one or more of the other defendants named herein.

27.    Upon information and belief, GSI has committed acts of willful infringement as it had notice of the '455 patent and notice that it was infringing the '455 patent at least as early as when it was given notice by Aeropostale of this action, and to date, GSI has not removed the infringing material from its website or those other websites that it controls or manages, and it continues to infringe the '455 patent.

28.    Plaintiff has been damaged as a result of GSI's infringing conduct.

29.    Upon information and belief, Fogdog manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. Fogdog is

infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.fogdog.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. Fogdog has committed these acts of infringement throughout the United States, including in this judicial district.

30.    Plaintiff has been damaged as a result of Fogdog's infringing conduct.

31.    Upon information and belief, NBA manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. NBA is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.nba.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. NBA has committed these acts of infringement throughout the United States, including in this judicial district.

32.    Plaintiff has been damaged as a result of NBA's infringing conduct.

33.    Upon information and belief, MLB manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. MLB is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "http://mlb.mlb.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. MLB has committed these acts of infringement throughout the United States, including in this judicial district.

34.    Plaintiff has been damaged as a result of MLB's infringing conduct.

35.    Upon information and belief, Linens 'n Things manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent. Linens 'n Things is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.lnt.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files. Linens 'n Things has committed these acts of infringement throughout the United States, including in this judicial district.

36.    Plaintiff has been damaged as a result of Linens 'n Things' infringing conduct.

37.    Upon information and belief, Tweeter manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent.  Tweeter is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.tweeter.com," website, including but not limited to providing a pictorial interface on said websites that permits access of electronic files.  Tweeter has committed these acts of infringement throughout the United States, including in this judicial district.

38.    Plaintiff has been damaged as a result of Tweeter's infringing conduct.

39.    Upon information and belief, Buy.com manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '455 patent.  Buy.com is infringing directly, by inducement, and/or by contributing to the infringement of the '455 patent by offering, providing, using and operating services through one or more websites, including but not limited to the "www.buy.com," website, including but not limited to providing a pictorial

interface on said websites that permits access of electronic files. Buy.com has committed these acts of infringement throughout the United States, including in this judicial district.

40.    Plaintiff has been damaged as a result of Buy.com's infringing conduct.

41.    Plaintiff has been irreparably harmed by the actions of each of the above defendants and has no adequate remedy at law.

## JURY DEMAND

42.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

43.    WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants and the Court enter a judgment or order granting Plaintiff the following relief:

a.    That one or more claims of United States Patent No. 6,278,455 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement has been contributed to by Defendants and/or by others whose infringement has been induced by Defendants;

b.    That Defendants account for and pay to Plaintiff damages caused by Defendants' infringing activities complained of herein;

c.    That Plaintiff be granted pre-judgment and post-judgment interest at the maximum rate allowable by law on the damages caused by reason of Defendants' infringing activities complained of herein;

d.    That Plaintiff be awarded costs and attorneys' fees;

e.  That the infringement of Defendants Aeropostale, Inc. and GSI Commerce Solutions, Inc. be declared willful;

f.  That Plaintiff be granted additional damages up to three times the amount found or assessed as authorized by 28 U.S.C. §284 against Defendants Aeropostale, Inc. and GSI Commerce Solutions, Inc.;

g.  That Defendants be permanently enjoined from any conduct or activity that infringes United States Patent No. 6,278,455; and

h.  That Plaintiff be granted such other and further relief, both legal and equitable, as the Court may deem is just and proper under the circumstances.

Respectfully submitted this 12th day of February, 2008.

Thomas J. Parker (Bar No. TP-7219)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

ATTORNEYS FOR PLAINTIFF
Picture Patents, LLC

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,           ) | |
|                           ) | |

PICTURE PATENTS, LLC,      )

       Plaintiff,         )

                       )       Civil Case No. 07cv5567

      v.              )

                       )       AFFIDAVIT OF SERVICE

                       )

AEROPOSTALE, INC., DICK'S   )
SPORTING GOODS, INC., CHARLOTTE )
RUSSE, INC., GSI COMMERCE    )
SOLUTIONS, INC., FOGDOG, INC.,  )
NATIONAL BASKETBALL        )
ASSOCIATION, INC., NBA         )
PROPERTIES, INC., NBA MEDIA   )
VENTURES, LLC, MAJOR LEAGUE  )
BASEBALL PROPERTIES, INC., MLB )
ADVANCED MEDIA, L.P., LINENS 'N )
THINGS, INC., TWEETER HOME   )
ENTERTAINMENT GROUP, INC.,   )
TWEETER NEWCO, LLC, TWEETER )
OPCO, LLC, BUY.COM, INC.       )

                       )

        Defendants.       )

                       )

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )

Srilu Ravi, being duly sworn, deposes and says that I am employed in the office of Alston & Bird LLP attorneys for Plaintiff Picture Patents, LLC. and that on February 12, 2008, I served a true copy of the Second Amended Complaint by mailing a copy of the same in a UPS Overnight envelope addressed as follows:

AEROPOSTALE, INC.
Represented by
Janet Cullum
William Henry O'Brien
Cooley, Godward, Kronish, L.L.P.
1114 Avenue of the Americas
New York, NY 10036-7798
(212) 479-6000
Fax: (212) 479-6275

Sandhya K Kidd
Morgan, Lewis & Bockius LLP (New York)
101 Park Avenue
37th Floor
New York, NY 10178
(212) 309-6000
Fax: (212) 309-6001
Email: skidd@morganlewis.com
*ATTORNEY TO BE NOTICED*

YOLANDA SANCHEZ
Notary Public, State of New York
No. 01SA6157467
Qualified in Bronx County
Commission Expires Dec. 11, 2010

Srilu Ravi

Sworn to before me this 12th day of
February, 2008.

Notary Public

2