**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., FOGDOG, INC., NATIONAL BASKETBALL ASSOCIATION, INC., NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER HOME ENTERTAINMENT GROUP, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC.<br><br>      Defendants. | Case No.  07cv5567<br><br>**JURY TRIAL DEMANDED**<br><br>ECF CASE |

**DEFENDANT GSI COMMERCE SOLUTIONS, INC.'S ANSWER AND**

**COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant GSI Commerce Solutions, Inc. ("GSI") hereby sets forth its Answer and Counterclaims to the Second Amended Complaint of plaintiff Picture Patents, LLC ("Picture Patents") filed on February 12, 2008 ("Second Amended Complaint").

**GSI'S ANSWER**

Responding to the individually enumerated paragraphs of the Second Amended Complaint, GSI states as follows:

**The Parties, Jurisdiction and Venue**

1. GSI admits that Picture Patents pled in paragraph 1 of the Second Amended Complaint that Picture Patents, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 325 Riverside Drive, New York, NY 10025, is a registered foreign limited liability company in the State of New York, and is doing business in this State and District.

2. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 2 of the Second Amended Complaint, and on that basis denies them.

3. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 3 of the Second Amended Complaint, and on that basis denies them.

4. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 4 of the Second Amended Complaint, and on that basis denies them.

5. GSI admits the allegations of paragraph 5 of the Second Amended Complaint.

6. GSI denies the allegations recited in paragraph 6 of the Second Amended Complaint, because Fogdog, Inc. no longer exists. FogDog, Inc. was acquired by an affiliate of GSI Commerce Solutions, Inc and subsequently merged into GSI Commerce Solutions, Inc.

7. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 7 of the Second Amended Complaint, and on that basis denies them.

8. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 8 of the Second Amended Complaint, and on that basis denies them.

9. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 9 of the Second Amended Complaint, and on that basis denies them.

10. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 10 of the Second Amended Complaint, and on that basis denies them.

11. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 11 of the Second Amended Complaint, and on that basis denies them.

12. GSI admits that the Second Amended Complaint purports to bring an action for patent infringement under the patent laws of the United States, including 35 U.S.C. §§271, 281 and 283-85, et. seq., but denies the viability of those claims.

13. GSI admits that this court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§1331 and 1338(a).

14. GSI admits that it is subject to personal jurisdiction in this district. GSI denies the allegations in paragraph 14 of the Second Amended Complaint directed at FogDog, Inc. GSI lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14 of the Second Amended Complaint directed at the other defendants, and on that basis denies them. GSI denies the remaining allegations in paragraph 14 of the Second Amended Complaint.

15. GSI admits that venue is proper in this judicial district.

## Picture Patents' Claims for Patent Infringement

16. GSI admits that U.S. Patent No. 6,278,455 ("the '455 patent") is entitled "Pictorial Interface for Accessing Information in an Electronic File System" and on its face lists August 21, 2001 as the issue date, but denies that the patent duly and legally issued. GSI admits that what purports to be a copy of the '455 patent is attached to the Second Amended Complaint as Exhibit "A." GSI denies the remaining allegations in paragraph 16 of the Second Amended Complaint.

17. GSI lacks sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Second Amended Complaint, and on that basis denies them.

18. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 18 of the Second Amended Complaint, and on that basis denies them.

19. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 19 of the Second Amended Complaint, and on that basis denies them.

20. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 20 of the Second Amended Complaint, and on that basis denies them.

21. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 21 of the Second Amended Complaint, and on that basis denies them.

22. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 22 of the Second Amended Complaint, and on that basis denies them.

23. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 23 of the Second Amended Complaint, and on that basis denies them.

24. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 24 of the Second Amended Complaint, and on that basis denies them.

25. GSI denies the allegations in paragraph 25 of the Second Amended Complaint.

26. GSI denies the allegations in paragraph 26 of the Second Amended Complaint.

27. GSI denies the allegations in paragraph 27 of the Second Amended Complaint.

28. GSI denies the allegations in paragraph 28 of the Second Amended Complaint.

29. GSI denies the allegations in paragraph 29 of the Second Amended Complaint.

30. GSI denies the allegations in paragraph 30 of the Second Amended Complaint.

31. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 31 of the Second Amended Complaint, and on that basis denies them.

32. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 32 of the Second Amended Complaint, and on that basis denies them.

33. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 33 of the Second Amended Complaint, and on that basis denies them.

34. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 34 of the Second Amended Complaint, and on that basis denies them.

35. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 35 of the Second Amended Complaint, and on that basis denies them.

36. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 36 of the Second Amended Complaint, and on that basis denies them.

37. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 37 of the Second Amended Complaint, and on that basis denies them.

38. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 of the Second Amended Complaint, and on that basis denies them.

39. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 39 of the Second Amended Complaint, and on that basis denies them.

40. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 40 of the Second Amended Complaint, and on that basis denies them.

41. GSI denies the allegations of paragraph 41 as it relates to GSI and FogDog, Inc. GSI lacks sufficient information to form a belief as to the truth of the allegations recited in

paragraph 41 directed at other defendants, and on that basis denies all allegations of paragraph 41.

### Picture Patents' Jury Demand

42. Defendant GSI admits that Plaintiff requested a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. Defendant GSI demands a trial by jury on all issues so triable.

### Picture Patents' Prayer for Relief

43. GSI denies that Plaintiff is entitled to any of the relief requested against GSI in its Prayer for relief.

### General Denial

Except as specifically admitted, GSI denies each and every allegation contained in Paragraphs 1-43 of the Second Amended Complaint.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), GSI asserts the following affirmative defenses to Plaintiff's Second Amended Complaint:

### First Affirmative Defense: Non-Infringement

44. GSI has not infringed and does not infringe any valid and enforceable claim of the '455 patent, either directly, by inducement or by contribution.

### Second Affirmative Defense: Invalidity

45. The claims of the '455 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense: Inequitable Conduct

46.     Upon information and belief, the '455 patent is unenforceable due to inequitable conduct by the named inventor, Michelle Baker, and/or her attorneys and appointed representatives before the United States Patent and Trademark Office (the "PTO") as part of the prosecution of related U.S. Patent No. 6,002,401 ("the '401 patent"). Upon information and belief, Ms. Baker and her representative violated the duty of candor with the intent to deceive the PTO, as described with particularity below.

### Declarations Submitted under 37 CFR §1.131

47.     Upon information and belief, Ms. Baker and her representative submitted false and misleading Rule 131 declarations with intent to deceive the PTO to obtain a U.S. patent. Ms. Baker submitted a false and misleading Rule 131 declaration during the prosecution of the '401 patent to avoid references material to patentability as prior art, including at least U.S. Patent No. 5,682,469 to Linnett.

48.     Ms. Baker's declaration alleged a date of conception prior to 1993 and due diligence from about October 18, 1993 until the effective filing date of September 30, 1994 to eliminate as prior art references material to patentability that were dated on or after October 18, 1993, including at least the Linnett reference. The declaration did not set forth sufficient facts to support such a declaration, as required under 37 CFR § 1.131(b). For the time period from October 1993 to June 1994, Ms. Baker asserted diligence without providing any factual support for the alleged diligence or an explanation for the lack of support. From June 1994 until the effective filing date, Ms. Baker showed insufficient support of diligence. The declaration also did not provide any factual support showing what aspects of the invention were conceived by October 18, 1993. Ms. Baker's representative provided a similar Rule 131 declaration, also

7

lacking the showing of facts required under 37 CFR § 1.131(b). Upon information and belief, Ms. Baker and her representative do not have evidence of diligence, and Ms. Baker's and her representative's express representations of diligence were both false and misleading to the PTO.

49. The prosecution of the '401 patent was materially affected by the sworn representations of diligence starting from October 1993. Based on the Rule 131 declarations, Ms. Baker and her representative eliminated at least the Linnett reference.

50. Ms. Baker and her representative intentionally misled the PTO into issuing claims of a scope beyond which Ms. Baker was entitled, thereby conducting inequitable conduct and rendering the '401 patent invalid. The inequitable conduct committed with respect to the '401 patent taints the related '455 patent, which is a continuation of the '401 patent, rendering the '455 patent unenforceable as well.

### Fourth Affirmative Defense: Legal Remedy Appropriate

51. Picture Patents is not entitled to injunctive relief because any alleged injury to Picture Patents is not immediate or irreparable, and Picture Patents has an adequate remedy at law.

### Fifth Affirmative Defense: Notice/Marking

52. Picture Patents is precluded by 35 U.S.C. §287 from seeking damages for any alleged infringement prior to providing actual notice of the '455 patent to GSI.

### Sixth Affirmative Defense: Failure to Mitigate Damages

53. Picture Patents failed to mitigate its damages.

### Seventh Affirmative Defense: Laches

54. Picture Patents' claims are barred, in whole or in part, by the equitable doctrine of laches.

### Eighth Affirmative Defense: Statute of Limitations

55. Picture Patents' claims are barred, in whole or in part, under 35 U.S.C. §286.

### Ninth Affirmative Defense: Prosecution History Estoppel

56. By reason of the proceedings in the PTO during the prosecution of the applications that resulted in the issuance of the '455 patent, Picture Patents is estopped from claiming infringement by GSI of one or more claims of the '455 patent.

### Reservation of Rights

GSI reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**Request for Relief**

GSI respectfully requests that the Court enter judgment in its favor and against Picture Patents on all of Picture Patents' claims; that the Court find this case exceptional and award GSI its costs and attorneys' fees pursuant to 35 U.S.C. §285; and that the Court award such other further relief as the Court deems appropriate.

**GSI'S COUNTERCLAIMS**

Counterclaim plaintiff GSI Commerce Solutions, Inc. ("GSI") alleges the following counterclaims against Counterdefendant Picture Patents, LLC ("Picture Patents"):

**Nature and Basis of Action**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the United states Patent Act, 35 U.S.C. §1 *et seq.* GSI requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 6,278,455 ("the '455 patent"); (ii) the '455 patent is invalid; and (iii) the '455 patent is unenforceable.

**The Parties, Jurisdiction and Venue**

2. GSI is a corporation organized and existing under the laws of the State of Pennsylvania, having a principal place of business located at 935 First Avenue, King of Prussia, PA 19406.

3. According to Picture Patents' Second Amended Complaint, Picture Patents is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 325 Riverside Drive, New York, NY 10025, is a registered foreign limited liability company in the State of New York, and is doing business in this State and District.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338, 2201 and 2202.

5. This Court has personal jurisdiction over Picture Patents by virtue of the fact that Picture Patents has submitted to the jurisdiction of this Court by filing the original Complaint, the First Amended Complaint and the Second Amended Complaint.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### Factual Allegations Common to All Counts

7. Picture Patents purports to be the owner, by assignment, of all right, title and interest in the '455 patent.

8. Picture Patents has asserted that GSI infringes the '455 patent directly, by inducement, and/or by contribution, but GSI denies those allegations.

9. Upon information and belief, the claims of the '455 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

10. Upon information and belief, the '455 patent is also unenforceable due to the inequitable conduct committed by Michelle Baker and/or her attorneys and appointed representatives before the United States Patent and Trademark Office ("PTO") as part of the prosecution of the '455 patent and/or related patents and patent applications thereto as described in Count III of GSI's Counterclaims below.

## Count I

### (Declaration of Non-Infringement)

11. GSI realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et. seq.*, concerning GSI's non-infringement of the claims of the '455 patent.

13. GSI is entitled to a judicial declaration and order that it has not and does not infringe directly, by inducement or by contribution, any valid, enforceable claim of the '455 patent.

## Count II

### (Declaration of Invalidity)

14. GSI realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

15. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112, concerning the invalidity of the '455 patent.

16. GSI is entitled to a judicial declaration and order that the '455 patent is invalid.

## Count III

### (Declaration of Unenforceability)

17. GSI realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

18. GSI realleges and incorporates the inequitable conduct allegations found in the Third Affirmative Defense at Paragraphs 46-50 of its Answer as if set forth herein in full.

19. Upon information and belief, in violation of the duty of good faith and candor, Ms. Baker and her representative made the above-identified false claims in Rule 131 declarations to avoid material prior art and to deceive the PTO into issuing patent claims of a scope beyond which Ms. Baker was entitled, thereby committing inequitable conduct and rendering the '401 patent unenforceable. The inequitable conduct committed by Ms. Baker and her representative with respect to the '401 patent taints the related '455 patent, which claims priority to the '401 patent, rendering the '455 patent unenforceable.

20. There is an actual and justiciable controversy between the parties concerning the unenforceability of the '455 patent.

21. GSI is entitled to a judicial declaration and order that the '455 patent is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant GSI respectfully requests that the Court enter judgment in its favor and against Picture Patents on all of Picture Patents' claims; that the court find this case exceptional and enter judgment in favor of GSI on the foregoing and enter a judgment granting the following relief:

A. That the Court dismiss Picture Patents' Second Amended Complaint with prejudice;

B. That the Court deny any injunctive relief in favor of Picture Patents and against GSI;

C. That the Court find that Picture Patents is not entitled to any of its requested relief, or any relief whatsoever, from GSI;

D. That the Court find that GSI has not infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '455 patent, directly or indirectly, under any subsection of 35 U.S.C. §271;

E. That the Court declare and order that the asserted claims of the '455 patent are invalid;

F. That the court declare and order that the '455 patent is unenforceable.

G. That the Court find this to be an exceptional case entitling GSI to an award of attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285;

H. That all costs be taxed against Picture Patents; and

I. That the Court award GSI such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant GSI hereby demands a trial by jury on all issues so triable.

Dated: March 21, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　COOLEY GODWARD KRONISH LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ Janet L. Cullum
　　　　　　　　　　　　　　　　　　　　Janet L. Cullum (JC-2083), admitted *pro hac vice*

　　　　　　　　　　　　　　　　　　　　1114 Avenue of Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10036-7798
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 479-6500
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 479-6275
　　　　　　　　　　　　　　　　　　　　jcullum@cooley.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant GSI Commerce Solutions, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008, I served a true and correct copy of the foregoing document via the Court's CM/ECF System upon:

>Thomas J. Parker
>Alston & Bird, LLP
>90 Park Avenue
>New York, NY 10016
>Email: Thomas.parker@alston.com
>Attorneys for Plaintiff Picture Patents, LLC
>
>Irene R. Dubowy
>Thompson & Knight, LLP
>919 Third Avenue, 39th Floor
>New York, NY 10022-3915
>Email: Irene.dubowy@tklaw.com
>Attorneys for Defendant Buy.Com, Inc.

Dated: New York, New York
       March 21, 2008

>By: /s/ Scott J. Pashman
>Scott J. Pashman (SP-7620)