EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
                                  :
In re:                            :    Chapter 11
                                  :
TWEETER HOME ENTERTAINMENT         :    Case No. 07-10787 (PJW)
GROUP, INC., et al.,              :
                                  :    Jointly Administered
          Debtors.               :
                                  :    Related Docket No. 619
                                  :
- - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105, 502 AND 503 AND FED. R.
BANKR. P. 2002, 3003(c)(3) AND 9007 (I) SETTING GENERAL
BAR DATE AND INITIAL ADMINISTRATIVE CLAIMS BAR DATE AND
PROCEDURES FOR FILING PROOFS OF CLAIM AND ADMINISTRATIVE
CLAIM REQUESTS AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF

          Upon the motion (the "Motion"),[1] of the above-

captioned debtors and debtors in possession (collec-

tively, the "Debtors"), for entry of an order, under 11

U.S.C. §§ 105 and 502 and Bankruptcy Rules 2002,

3003(c)(3) and 9007 (i) setting a general bar date and

an initial administrative bar date and procedures for

filing proofs of claim and administrative claim requests

and (ii) approving the form and manner of notice thereof;

and the Court having determined that the relief re-

---

[1]      Unless otherwise defined herein, capitalized terms used
         herein shall have the meanings ascribed to them in the Motion.

DKT. NO. 620
DT. FILED 9-6

quested in the Motion is in the best interests of the
Debtors, their estates, their creditors, and other par-
ties in interest; and it appearing that proper and ade-
quate notice of the Motion has been given and that no
other or further notice is necessary; and upon the re-
cord herein; and after due deliberation thereon; and
good and sufficient cause appearing therefor, it is
hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    **General Bar Date:**  Pursuant to Bankruptcy
Rule 3003(c)(3), all "entities" and "persons" (as de-
fined respectively in 11 U.S.C. § 101(15) and (41)), ex-
cept any governmental unit (as defined in 11 U.S.C. §
101(27)) that are creditors holding or wishing to assert
"claims" (as defined in 11 U.S.C. § 101(5)) arising be-
fore the Petition Date against any of the Debtors are
required to file, **on or before 5:00 p.m. (Eastern) on
October 19, 2007 (the "General Bar Date")** a separate,
completed, and executed proof of claim form (conforming
substantially to Official Bankruptcy Form No. 10) on ac-

2

count of any such claims in accordance with the proce-
dures set forth below.

       3.    Pursuant to Bankruptcy Rule 3003(c) and
Bankruptcy Code section 502(b)(9), any governmental
units (as defined in 11 U.S.C. § 101(27)) that are
creditors holding or wishing to assert "claims" (as de-
fined in 11 U.S.C. § 101(5)) arising before the Petition
Date against any of the Debtors are required to file, on
or before 5:00 p.m. (Eastern) on December 10, 2007 (the
"Governmental Bar Date") a separate, completed, and exe-
cuted proof of claim form (conforming substantially to
Official Bankruptcy Form No. 10) on account of any such
claims in accordance with the procedures set forth below.

       4.    Notwithstanding the preceding paragraphs,
creditors holding or wishing to assert the following
types of claims (collectively, the "Excluded General
Claims") against the Debtors need not file a proof of
claim:

         (i)   Claims listed in the Schedules and State-
ments or any amendments thereto that are
not therein listed as "contingent,"
"unliquidated" or "disputed" and that are
not disputed by the holders thereof as to
(a) amount, (b) classification or (c) the
identity of the Debtor against whom such

Claim is scheduled;

(ii)    Claims on account of which a proof of claim has already been properly filed with the Court against the correct Debtor;

(iii)    Claims previously allowed or paid pursuant to an order of the Court;

(iv)    Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration; and

(v)    Claims of Debtors against other Debtors.

5.    Any holder of an interest in any of the Debtors (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock of any of the Debtors (an "Interest"), shall not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; **provided**, **however**, that any Interest Holder (other than a governmental unit as defined in 11 U.S.C. § 101(27)) who wishes to assert a Claim against any of the Debtors based on a transaction in the Debtors' securities including but not limited to a Claim for damages or rescission based on the purchase or sale, of the Interests, must file a proof of claim on or prior to the General Bar Date; **provided further however** that

4

any Interest Holder that is a governmental unit (as de-
fined in 11 U.S.C. § 101(27)), who wishes to assert a
Claim against any of the Debtors based on a transaction
in the Debtors' securities including but not limited to
a Claim for damages or rescission based on the purchase
or sale, of the Interests, must file a proof of claim on
or prior to the Governmental Bar Date.[2]

     6.    Proofs of claim for any rejection damages
claims arising from the rejection of any unexpired lease
or executory contract of a Debtor (an "Agreement") dur-
ing these Bankruptcy Cases must be filed by the later of
(a) thirty days after the effective date of rejection of
such Agreement as provided by an order of this Court or
pursuant to a notice under procedures approved by this
Court, (b) any date set by another Order of the Court or
(c) the General Bar Date. Proofs of claim for any other
claims that arose prior to the Petition Date with re-
spect to a lease or contract must be filed by the Gen-
eral Bar Date.

---

[2]    The Debtors reserve the right to seek relief at a later date
requiring Interest Holders to file proofs of interest.

5

7.    The Debtors shall serve a notice (the "General Bar Date Notice") substantially in the form of the notice attached hereto as Exhibit A and a proof of claim form conforming substantially to Official Bankruptcy Form No. 10 by first class mail on or before **September 12, 2007** to all known creditors and all known holders of the Debtors' equity securities as reflected in the Debtors' books and records.

8.    The Debtors shall publish a notice in a form substantially similar to the Bar Date Notice in the <u>Boston Globe</u> and the national edition of <u>The New York Times</u>, and such other regional newspapers as the Debtors deem appropriate no later than **September 12, 2007**.

9.    A creditor served with a proof of claim form may rely on the information therein regarding the description of such creditor's claim in the Schedules and Statements.

10.    **Initial Administrative Claims Bar Date:** Pursuant to Bankruptcy Code section 105 and 503, all Administrative Claim Requests, <u>first arising from and after the Petition Date through and including September 15, 2007</u>, must be filed on or before **October 19, 2007**, the

6

Initial Administrative Claims Bar Date, by holders of an Administrative Claim, including without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, holding an Administrative Claim (as defined in Bankruptcy Code section 101(5) and 503(b)), and all non-Debtor parties to Agreements with any of the Debtors who allege that any amounts arising under any of the Agreements from and after the Petition Date are due, owing and unpaid as of September 15, 2007.

     11.   Notwithstanding the preceding paragraphs, claimants holding or wishing to assert the following types of claims (collectively, the "Excluded Administrative Claims") against the Debtors need not file an Administrative Claim Request:

     (i)     Parties that have already properly filed an Administrative Claim Request with the Court of Kurtzman Carson Consultants LLC (the "Claims Agent") that clearly set forth that such party is asserting an Administrative Claim;

     (ii)    Parties whose Administrative Claim has been previously allowed by order of the Court;

7

(iii)     A Debtor or Debtors holding an Ad-
          ministrative Claim against one or
          more other Debtors; and

(iv)      Professional advisors (i.e., attor-
          neys, financial advisors, account-
          ants, claims agents) retained by the
          Debtors or the Creditors' Committee
          under Bankruptcy Code section 327,
          328 or 1103 and whose Administrative
          Claim is for services rendered and
          reimbursement of expenses in these
          Chapter 11 cases.

12.   **Exclusion of 503(b)(9) Administrative
Claimants From Initial Administrative Bar Date.**   Any
holder of a 503(b)(9) administrative claim (each a
"503(b)(9) Holder"), which claim was required to be
filed by July 18, 2007 (the "503(b)(9) Bar Date"), pur-
suant to order of this Court and notice provided to such
503(b)(9) Holders, is not now permitted to file an Ad-
ministrative Claim request.   As set forth in the notice
of the 503(b)(9) Bar Date, any person or entity holding
a claim pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim request on or before July 18,
2007, is forever barred and estopped from asserting a
claim pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of
any of them, absent further order of the Court.

8

13.  To be considered, each Administrative Claim Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the claimant asserts the Administrative Claim, (d) set for the with specificity the legal and factual basis for the Administrative Claim, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Request.

14.  In addition, each Administrative Claim Request must specifically set forth the full name of the Debtor against whom the Administrative Claim is filed. Administrative Claims against multiple Debtors may not be aggregated in a single Request.

15.  The Debtors shall (i) serve the Initial Administrative Claims Bar Date Notice to all known and reasonably ascertainable holders of an Administrative Claim by September 12, 2007, and (ii) publish a notice in a form substantially similar to the Initial Administrative Claims Bar Date Notice in the Boston Globe and the national edition of The New York Times, and such other regional newspapers as the Debtors deem appropriate no later than September 12, 2007.

16. **Procedures for Filing Proofs of Claims and Administrative Claim Requests:** All proofs of claim and Administrative Claim Requests filed by mail, hand, or overnight courier shall be addressed to:

> Tweeter Home Entertainment Group, Inc., et al.
> Claims Processing Dept.
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

17. Proofs of claim and Administrative Claim Requests are deemed filed only when the proof of claim or Administrative Claim Requests, together with supporting documentation, is actually received by Kurtzman Carson Consultants LLC (the "Claims Agent") at the above address. Proofs of claim and Administrative Claim Requests submitted by facsimile or other electronic means shall be rejected by the Claims Agent and will not be deemed filed.

18. Notwithstanding the preceding paragraph, a creditor's proof of claim may be filed without all supporting documentation upon which the claim is based, provided, that, upon the request of any of the Debtors or any other party in interest in these cases, any such creditor shall be required to transmit promptly such

writings and/or documentation to the Debtors or such
other party in interest.

19.   Any creditor or holder of an Administra-
tive Claim holding or wishing to assert claims against
more than one Debtor must file a separate proof of claim
or Administrative Claim Request in the case of each
Debtor against which the creditor or holder of an Admin-
istrative Claim believes it holds a claim.

20.   Any creditor or holder of an Administra-
tive Claim that is required to file but fails to file a
proof of claim or Administrative Claim Request for its
claim in accordance with this Order on or before the
General Bar Date, the Governmental Bar Date, the Initial
Administrative Claims Bar Date, or such other date es-
tablished hereby (as applicable) shall be forever barred,
estopped, and enjoined from asserting such claim against
the Debtors, and the Debtors and their property shall be
forever discharged from any and all indebtedness or li-
ability with respect to such claim, and such holder
shall not be permitted to vote on any plan or partici-
pate in any distribution in the Debtors' chapter 11
cases on account of such claim.

11

21.  In the event that the Debtors amend the Schedules and Statements after having given notice of the General Bar Date and the Initial Administrative Claims Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of claims affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and liquidated amount or changes the nature or classification of a claim against a Debtor reflected therein, such holders shall be given until the later of (a) the General Bar Date or the Initial Administrative Claims Bar Date (as applicable) or (b) thirty (30) days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim or Administrative Claim Requests with respect to such affected claim, if necessary, or be forever barred from doing so in accordance with paragraph (20) above.

22.  In the event that the Debtors amend the Schedules and Statements after having given notice of the Governmental Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of claims that are governmental entities (as defined in 11

U.S.C. § 101(27)) and that are affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and liquidated amount or changes the nature or classification of a claim against a Debtor reflected therein, such holders shall be given until the later of (a) the Governmental Bar Date or (b) thirty (30) days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim or Administrative Claim Requests with respect to such affected claim, if necessary, or be forever barred from doing so in accordance with 11 above.

23.  Nothing in this Order shall, or shall be deemed to, prejudice the Debtors' right to object to any Claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), on any ground, or to dispute, or to assert offsets against or defenses to, any claim reflected on the Schedules and Statements, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

24.  Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to re-

quest that the Court fix a date by which the holder of a Claim that is specifically excluded from the requirements to file such a Claim by this Order must file a proof of claim or interest or the holder of an Administrative Claim that is specifically excluded from the requirements to file an Administrative Claim Request by this Order must file an Administrative Claim Request.

25.    The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

26.    The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

Dated:    Wilmington, Delaware
          September 5, 2007

The Honorable Peter J. Walsh
UNITED STATES BANKRUPTCY JUDGE

14

502045.14-Wilmington Server 1A - MSW

Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
In re:                          :
                                :   Chapter 11
TWEETER HOME ENTERTAINMENT       :
GROUP, INC.,                     :
40 Pequot Way                    :   Case No. 07-10787 (PJW)
Canton, MA  02021                :
                                :
          Debtor.               :   Tax I.D. No. 04-3417513
- - - - - - - - - - - - - - - x
In re:                          :
                                :   Chapter 11
SOUND ADVICE, INC. OF ARIZONA,   :
40 Pequot Way                    :   Case No. 07-10788 (PJW)
Canton, MA  02021                :
                                :
          Debtor.               :   Tax I.D. No. 65-1039276
- - - - - - - - - - - - - - - x
In re:                          :
                                :   Chapter 11
NEW ENGLAND AUDIO CO., INC.      :
40 Pequot Way                    :   Case No. 07-10789 (PJW)
Canton, MA  02021                :
                                :
          Debtor                :   Tax I.D. No. 04-2499342
- - - - - - - - - - - - - - - x
In re:                          :
                                :   Chapter 11
NEA DELAWARE, INC.,              :
40 Pequot Way                    :   Case No. 07-10790 (PJW)
Canton, MA  02021                :
                                :
          Debtor.               :   Tax I.D. No. 02-0492559
- - - - - - - - - - - - - - - x

```
- - - - - - - - - - - - - - - x
In re:                        :
                              :        Chapter 11
HILLCREST HIGH FIDELITY, INC. :
40 Pequot Way                 :        Case No. 07-10792 (PJW)
Canton, MA  02021             :
                              :
         Debtor.              :        Tax I.D. No. 75-2194748
- - - - - - - - - - - - - - - x
In re:                        :
                              :        Chapter 11
SOUND ADVICE, INC.,           :
40 Pequot Way                 :        Case No. 07-10793 (PJW)
Canton, MA  02021             :
                              :
         Debtor.              :        Tax I.D. No. 59-1520531
- - - - - - - - - - - - - - - x
In re:                        :
                              :        Chapter 11
SUMARC ELECTRONICS, INC.,     :
40 Pequot Way                 :        Case No. 07-10795 (PJW)
Canton, MA  02021             :
                              :
         Debtor.              :        Tax I.D. No. 56-1120283
- - - - - - - - - - - - - - - x
In re:                        :
                              :        Chapter 11
THEG USA, L.P.,               :
40 Pequot Way                 :        Case No. 07-10796 (PJW)
Canton, MA  02021             :
                              :
         Debtor.              :        Tax I.D. No. 04-3452357
- - - - - - - - - - - - - - - x
```

2

NOTICE OF DEADLINE
FOR FILING PROOFS OF CLAIM
TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF
THE DEBTORS AND OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE OF THE FOLLOWING:

On September ___, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing October 19, 2007 as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim is received on or before 5:00 p.m., Eastern time, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

Tweeter Home Entertainment Group, Inc., et al.
Claims Processing Dept.
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

On July 11, 2007, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court. Copies of the Schedules and Statements can be obtained at www.deb.uscourts.gov and/or www.kccllc.net/tweeter.

3

## GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27), against any of the Debtors, must be filed and served so that such proof of claim is received on or before December 10, 2007 (the "Governmental Bar Date") at 5:00 p.m., Eastern time, at the following address if delivered by mail, hand delivery or overnight courier:

Tweeter Home Entertainment Group, Inc., et al.
Claims Processing Dept.
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

## DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured) that arose prior to June 11, 2007 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i)     Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and

2

that are not disputed by the
holders thereof as to (a) amount,
(b) classification or (c) the
identity of the Debtor against
whom such Claim is scheduled;

(ii)    Claims on account of which a
        proof of claim has already been
        properly filed with the
        Bankruptcy Court against the
        correct Debtor;

(iii)   Claims previously allowed or paid
        pursuant to an order of the
        Bankruptcy Court;

(iv)    Claims allowable under 11 U.S.C.
        §§ 503(b) and 507(a)(1) as
        expenses of administration; and

(v)     Claims of Debtors against other
        Debtors.

        Any Entity whose prepetition Claim against a
Debtor is not listed in the applicable Debtor's
Schedules and Statements or is listed as "disputed,"
"contingent" or "unliquidated" and that desires to
participate in any of these chapter 11 cases or share in
any distribution in any of these chapter 11 cases, and
any Entity whose prepetition Claim is improperly
classified in the Schedules and Statements or is listed
in an incorrect amount or is scheduled against an
incorrect Debtor and that desires to have its Claim
allowed in a classification or amount other than that
set forth in the Schedules and Statements or against a
Debtor other than as set forth in the Schedules and
Statements, must file a proof of claim on or before the
General Bar Date.  If your claim has been scheduled by
the Debtors, the classification, amount, and Debtor
against which your claim has been scheduled is indicated
on the claim form included with this notice.

        **Executory Contract and Lease Rejection Claims.**
Any Entity whose Claims arise out of the rejection of an
executory contract or unexpired lease (pursuant to

3

section 365 of the Bankruptcy Code) after the Petition
Date, but prior to the entry of an order confirming a
plan of reorganization in the applicable Debtor's case,
must file a proof of claim on or before the latest of:
(1) thirty (30) days after the date of the order,
pursuant to Bankruptcy Code section 365, authorizing the
rejection of such contract or lease; (2) any date set by
another order of the Court [need to add this to the
motion and order] or (3) the General Bar Date (the
"Rejection Bar Date"). Any Claims respecting any other
lease or contract are required to be filed by the
General Bar Date.

    If, after the General Bar Date, any of the
Debtors amend their Schedules and Statements to reduce
the undisputed, noncontingent and liquidated amount or
to change the nature or classification of a Claim
against a Debtor reflected therein or to change the
Debtor against which a Claim has been scheduled, then
the affected claimant shall have thirty (30) days from
the date of service of notice thereof to file a proof of
claim or to amend any previously filed proof of claim in
respect of such amended scheduled Claim (the "Amended
Schedule Bar Date").

    Any Entity holding an interest in any Debtor
(each an "Interest Holder"), which interest is based
exclusively upon the ownership of common or preferred
stock in a corporation (an "Interest"), need not file a
proof of Interest based solely on account of such
Interest Holder's ownership interest in such stock;
provided, however, that any Interest Holder (other than
a governmental unit as defined in 11 U.S.C. § 101(27))
who wishes to assert a Claim against any of the Debtors
based on a transaction in the Debtors' securities
including but not limited to a Claim for damages or
rescission based on the purchase or sale of the
Interests must file a proof of claim on or prior to the
General Bar Date; provided further however that any
Interest Holder that is a governmental unit (as defined
in 11 U.S.C. § 101(27)), who wishes to assert a Claim
against any of the Debtors based on a transaction in the
Debtors' securities including but not limited to a Claim
for damages or rescission based on the purchase or sale

4

of the Interests must file a proof of claim on or prior
to the Governmental Bar Date.

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than
one Debtor must file a separate proof of claim with
respect to each such Debtor. All Entities must identify
on their proof of claim the particular Debtor against
which their Claim is asserted and the case number of
that Debtor's bankruptcy case.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of
claim, but fails to do so in a timely manner, will be
forever barred, estopped and enjoined from: (1)
asserting any Claim against any of the Debtors that such
Entity has that (a) is in an amount that exceeds the
amount, if any, that is set forth in the Schedules and
Statements as undisputed, noncontingent and liquidated
or (b) is of a different nature or in a different
classification or against a different Debtor (any such
claim being referred to as an "Unscheduled Claim"); and
(2) voting upon, or receiving distributions under, any
plan or plans of reorganization in these chapter 11
cases in respect of an Unscheduled Claim. If it is
unclear from the Schedules and Statements whether your
Claim is disputed, contingent or unliquidated as to
amount or is otherwise properly listed and classified,
you must file a proof of claim on or before the General
Bar Date. Any Entity that relies on the Schedules and
Statements bears responsibility for determining that its
Claim is accurately listed therein.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute,
or to assert offsets or defenses against, any filed
Claim or any Claim listed or reflected in the Schedules
and Statements as to nature, amount, liability,
classification, Debtor or otherwise; or (2) subsequently
designate any Claim as disputed, contingent or
unliquidated. Nothing set forth in this Notice shall

5

preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

### TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially in the form annexed hereto, together with accompanying documentation, must be <u>delivered so as to be received</u> no later than 5:00 p.m., Eastern time, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address if delivered by mail, hand delivery or overnight courier:

> Tweeter Home Entertainment Group, Inc., et al.
> Claims Processing Dept.
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at either of the addresses listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

### ADDITIONAL INFORMATION

6

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact Kurtzman Carson Consultants LLC at (866) 381-9100 between 10:30 a.m. and 9:00 p.m. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 and/or online at www.kccllc.net/tweeter.

Approved by the Honorable Peter J. Walsh, United States Bankruptcy Court Judge, United States Bankruptcy Court for the District of Delaware, on September __, 2007.

Dated:     Wilmington, Delaware
           September __, 2007

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Sarah E. Pierce (I.D. No. 4648)
Todd A. Atkinson (I.D. No. 4825)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

Counsel for Debtors and
Debtors in Possession

7

502047.09-Wilmington Server 1A - MSW