## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AEROPOSTALE, INC., DICK'S )<br>SPORTING GOODS, INC., CHARLOTTE )<br>RUSSE, INC., GSI COMMERCE )<br>SOLUTIONS, INC., FOGDOG, INC., )<br>NATIONAL BASKETBALL )<br>ASSOCIATION, INC., NBA )<br>PROPERTIES, INC., NBA MEDIA )<br>VENTURES, LLC, MAJOR LEAGUE )<br>BASEBALL PROPERTIES, INC., MLB )<br>ADVANCED MEDIA, L.P., LINENS 'N )<br>THINGS, INC., TWEETER HOME )<br>ENTERTAINMENT GROUP, INC., )<br>TWEETER NEWCO, LLC, TWEETER )<br>OPCO, LLC, BUY.COM, INC., )<br>)<br>Defendants. )<br>) | Civil Case No. 07cv5567 |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Come now Defendants Tweeter Newco, LLC, and Tweeter Opco, LLC (collectively "New Tweeter") and, pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby respectfully move the Court to dismiss Plaintiff's Second Amended Complaint against New Tweeter for lack of personal jurisdiction. In support of its motion, New Tweeter states as follows:

### INTRODUCTION

Plaintiff Picture Patents, LLC, ("PPP") has failed to, and cannot, show that the Court has personal jurisdiction over New Tweeter in this action. PPP alleges that New Tweeter's website somehow infringes upon its patent, yet New Tweeter has insufficient minimum contacts with New York for this Court to exercise jurisdiction over it here.

New Tweeter has virtually no connections with the State of New York. New Tweeter is a specialty consumer electronics retailer with absolutely <u>no</u> stores in the State of New York. New Tweeter was organized in 2007 under the laws of Delaware and their principle places of business are in Massachusetts—<u>not</u> New York. Indeed, New Tweeter is neither a resident nor a citizen of the State of New York. New Tweeter has no offices, bank accounts, real property, employees, or agents in New York. Interestingly, and importantly, even the website PPP accuses of infringement (www.tweeter.com) is not itself a retail site. No purchases may be made in New York through the accused website, as it does not permit the purchase or sale of any products. <u>See generally</u> Affidavit of David Pearce. In short, New Tweeter has wholly insufficient contacts with New York for PPP to bring suit against it here.

Under New York law, the Court has neither general nor specific jurisdiction over New Tweeter. The Second Circuit has recently held that this judicial district does not have personal jurisdiction over an out-of-state defendant with an out-of-state website that is alleged to have infringing content. <u>Bensusan Restaurant Corp. v. King</u>, 126 F.3d 25, 28-29 (2d Cir. 1997). Any exercise of jurisdiction over the New Tweeter defendants here would "offend traditional notions of fair play and substantial justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). New Tweeter respectfully submits that the Court should dismiss PPP's action against New Tweeter in its entirety for lack of personal jurisdiction.

**ARGUMENT**

**I.    Burden Of Proof And Legal Standard For Personal Jurisdiction.**

PPP bears the burden of making a prima facie showing that personal jurisdiction exists. <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 242 (2d Cir. 2007) (internal quotation omitted). Conclusory, non-fact-specific allegations are insufficient to support a prima facie showing of

2

jurisdiction. Jazini by Jazini v. Nissan Motor Co., 148 F.3d 181, 185-86 (2d Cir. 1998); Indemnity Ins. Co. of N. Am. v. K-Line Am., Inc., No. 06 Civ. 0615 et al., 2007 WL 1732435, at *2 (S.D.N.Y. Jun. 14, 2007). Here, PPP cannot make such a showing.

Where a case arises "under a federal law which does not provide for the service of process on a party outside the state, the issue of personal jurisdiction must be determined according to the law of the forum state." Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd., 956 F. Supp. 427, 432 (S.D.N.Y. 1996) (citing Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 105-10 (1987). Federal patent infringement laws do not provide for service on foreign defendants. See 35 U.S.C. §§ 271, *et seq.,* 281, *et seq.;* see also Carlton Int'l, PLC. v. Am. Concord Techage, Inc., No. 94-CIV-3750, 195 WL 450274, at *2 (S.D.N.Y. Jul. 31, 1995) (applying New York's jurisdictional laws "as there is no specific statute governing personal jurisdiction in patent matters").[1]

Here, the Court must "look first to the law of the State of New York." Best Van Lines, 490 F.3d at 242 (citation omitted). Section 301 of New York Civil Practice Law and Rules provides for general jurisdiction over defendants who continually, permanently, and substantially "do business" in New York. See N.Y. C.P.L.R. § 301; Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). Section 302 serves as New York's long-arm statute, providing for specific jurisdiction where a cause of action arises from the defendant's contacts in New York. N.Y. C.P.L.R. § 302(a).

---

[1] When reviewing personal jurisdiction in patent infringement cases, the Federal Circuit applies its own law. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1343 (Fed. Cir. 2006). Like this judicial district, the Federal Circuit first looks to forum state law and then determines whether exercising personal jurisdiction satisfies the requirements of due process. Id. at 1343-44. In the present instance, exercising jurisdiction over Tweeter would violate due process.

3

If, and only if, New York law provides for personal jurisdiction over a defendant, the Court must then determine whether asserting jurisdiction would be compatible with the due process requirements of the Fourteenth Amendment to the United States Constitution or would instead "offend traditional notions of fair play and substantial justice." Best Van Lines, 490 F.3d at 242; see also Int'l Shoe Co., 326 U.S. at 316.

The Court may weigh affidavits to decide if a jurisdictional basis has been established. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) ("In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court . . . may determine the motion on the basis of affidavits alone . . . .").

## II. New York Law Does Not Provide For Personal Jurisdiction Over New Tweeter.

### A. The Court Lacks General Jurisdiction Over New Tweeter.

Under N.Y. C.P.L.R. § 301, the Court has jurisdiction over foreign corporations that are engaged in "a continuous and systematic course of doing business" in New York and are present "not occasionally or casually, but with a fair measure of permanence and continuity." Landoil, 918 F.2d at 1043. New Tweeter does not engage in "a continuous and systematic course" of business in New York.

"The classic indicia of such permanent and substantial activities in New York include: 1) the existence of an office in New York; 2) the solicitation of business in New York; 3) the existence of bank accounts or other property in New York; and 4) the presence of employees in New York." Overseas Media, Inc. v. Skvortsov, 407 F.Supp.2d 563, 568 (S.D.N.Y. 2006) (internal citation omitted). New Tweeter satisfies none of these indicia. Solicitation of business in New York is not substantial if the corporation attributes less than five percent of its revenue to New York sales. Id. at 569; Indemnity Ins., 2007 WL 1732435, at *5.

4

New Tweeter's mere maintenance of a "website accessible in New York is insufficient to confer jurisdiction under C.P.L.R. § 301." In re Ski Train Fire, 230 F.Supp.2d 376, 383 (S.D.N.Y. 2002); see also Unique Industries, Inc. v. Sui & Sons Int'l Trading Corp., No. 05-CV-2744, 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007) ("Defendant's maintenance of a web site which is accessible to New Yorkers may not, by itself, be sufficient to confer personal jurisdiction over Defendant."). Websites that provide product information and retail locations and do not sell goods directly do not constitute "solicitation of business in New York." Indemnity Ins., 2007 WL 1732435, at *6. Websites cannot transact business in New York if they are "minimally interactive, available worldwide, and do not target New Yorkers." Panacea Solutions, Inc. v. Roll, No. 05 Civ. 10089, 2006 WL 3096022, at *3 (S.D.N.Y. Oct. 31, 2006).

New Tweeter has no continuous or substantial contacts in New York. New Tweeter does not have an office, address, or phone listing in New York. Ex. A, ¶ 5. New Tweeter does not solicit business in New York. Id. at ¶ 6. In 2007, New Tweeter did not make a single sale in New York. Id. Past income attributable to occasional electronics installations in New York has amounted to less than one percent of New Tweeter's annual revenue. Id. New Tweeter's website does not include an interactive function to allow customers to place orders over the Internet. Id. at ¶ 10. New Tweeter does not maintain a bank account or any other property in New York. Id. at ¶¶ 8-9. New Tweeter does not maintain a single employee or agent in New York. Id. at ¶ 7.

New Tweeter's website provides information regarding products, services, and retail locations. Id. at ¶ 10. The website is minimally interactive; visitors cannot place orders or make purchases. Id. The site is targeted to potential customers residing in states with New Tweeter locations.

5

Plaintiff does not—and indeed, cannot—show that New Tweeter does business in New York. Because none of New Tweeter's activities constitute a continuous and systematic course of doing business in New York, § 301 does not provide for personal jurisdiction over New Tweeter. Plaintiff has failed to show that the Court has general jurisdiction over New Tweeter and, accordingly, this lawsuit must be dismissed.

**B.     The Court Has No Specific Jurisdiction Over New Tweeter.**

New York's long-arm statute provides for specific jurisdiction over a foreign defendant where the cause of action arises from one of four circumstances: (1) the defendant's business transactions within New York; (2) a tortious act the defendant commits while physically present in New York; (3) a tortious act the defendant commits outside New York, if the defendant regularly does or solicits business in New York, or derives substantial revenue from New York, or should reasonably expect the tortious act to have consequences in New York, and derives substantial revenue from interstate commerce; or (4) real property in New York maintained by the defendant. N.Y. C.P.L.R. § 302(a)(1)-(4); see also Bensusan, 126 F.3d at 28 (upholding view that § 302(a)(2) applies only to tortious acts performed by defendants physically present in New York at the time of performance). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, 490 F.3d at 246. Here, PPP's allegations of patent infringement fail to satisfy any of these necessary circumstances.

When website content is alleged to be the basis of a tort action, the tort is held to be committed where the web site is created, not where it is viewed. See Bensusan, 126 F.3d at 29; Cuccioli v. Jekyll & Hyde Neue Metropol Bremen Theater Produktion GmbH & Co., 150

6

F.Supp.2d 566, 576 (S.D.N.Y. 2001).  In <u>Bensusan</u>, a New York plaintiff alleged that an out-of-state defendant maintained a website with content that infringed the plaintiff's trademark.  The Second Circuit affirmed the Southern District's dismissal for lack of personal jurisdiction under New York law as the website was created outside New York, even though the site could be viewed in New York.  <u>Bensusan</u>, 126 F.3d at 29.  As PPP does not allege that New Tweeter's website was created in New York—and because, in fact, the website was not created in New York—PPP cannot meet the requirements of § 302(a).

Section 302(a)(2) cannot apply to New Tweeter because, under <u>Bensusan</u>, New Tweeter is not physically present in New York simply because its website can be viewed in New York.  <u>Bensusan</u>, 126 F.3d at 28.  If New Tweeter's website allegedly harmed Plaintiff, the alleged tort was committed in the forum in which the website was created, not New York.  <u>Id.</u> at 29.

Section 302(a)(3) cannot apply to New Tweeter because New Tweeter does not conduct or solicit business in New York and, further, does not derive substantial revenue from New York.  Ex. A, ¶¶ 4-6.  Because of New Tweeter's lack of contacts in New York, New Tweeter could not reasonably expect the allegedly infringing website to have consequences in New York.  The website is not targeted to New Yorkers and does not solicit business in New York.  <u>Id.</u> at ¶ 10.  The mere fact that an individual in New York can access www.tweeter.com does not create a reasonable expectation that the website's informational content could have an effect in a state in which New Tweeter has no other contacts.

Finally, and obviously, § 302(a)(4) does not apply to New Tweeter because New Tweeter has no real property in New York.  <u>Id.</u> at ¶ 9.

New York's long-arm statute extends far, but not so far as to procure jurisdiction over New Tweeter here.  PPP has not articulated any nexus or substantial relationship between any

7

actions in New York and the alleged patent infringement, making § 302 wholly inapplicable to New Tweeter. Plaintiff cannot establish that the Court has specific jurisdiction over New Tweeter.

### III. Exercising Jurisdiction Over New Tweeter Would Violate Due Process.

Notwithstanding the fact that New York law does not provide for general or specific jurisdiction over New Tweeter, the Court is constitutionally barred from exercising personal jurisdiction over New Tweeter because New Tweeter does not have "minimum contacts [in the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316. Any exercise of jurisdiction over New Tweeter here would necessarily offend any notion of fair play.

In determining the constitutionality of jurisdiction, "[t]he crucial question is whether the defendant has 'purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, 'such that [the defendant] should reasonably anticipate being haled into court there.'" Best Van Lines, 490 F.3d at 242-43 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985)).

New Tweeter has not availed itself of any benefits or protections of New York. New Tweeter has virtually no contacts with New York. It has no retail stores in New York, no offices, no bank accounts, no property, no employees, and no agents. Ex. A ¶¶ 5, 7-9. New Tweeter derives almost none of its revenue from New York customers. Id. at ¶ 6. New Tweeter simply does not conduct sufficient activities in New York to ever cause it to invoke the benefits or protections of New York's laws. No defendant could reasonably anticipate defending itself in a forum in which it has no physical or economic presence. All notions of justice would be offended by requiring New Tweeter to defend itself in a forum in which it has no contacts.

C068072/0218358/2826943.5

Asserting personal jurisdiction over New Tweeter here would violate due process under any constitutional analysis, including the Federal Circuit's. The Federal Circuit considers "whether: 1) the defendant purposefully directed its activities at residents of the forum state; 2) the claim arises out of or relates to the defendant's activities with the forum state; and 3) assertion of personal jurisdiction is reasonable and fair." Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344. As described in detail, Tweeter has neither directed its website to New York residents nor performed activities in New York giving rise to PPP's claims. Finding personal jurisdiction over New Tweeter here could never be fair or reasonable.

Because Plaintiff has failed to make a prima facie showing that personal jurisdiction exists over New Tweeter, and because, in fact, no personal jurisdiction exists over New Tweeter, the Court should dismiss Plaintiff's action against New Tweeter.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendants Tweeter Newco, LLC, and Tweeter Opco, LLC, respectfully request that the Court grant this motion to dismiss the Second Amended Complaint as against New Tweeter.

Respectfully submitted,

**BRYAN CAVE LLP**

Date: March 26, 2008            By:     s/Suzanne M. Berger
                                        Suzanne M. Berger, # 0452
                                        David A. Roodman, *of counsel*
                                        1290 Avenue of the Americas
                                        New York, NY 10104-3300
                                        Tel. (212) 541-2000

                                        smberger@bryancave.com


                                        **ATTORNEYS FOR TWEETER NEWCO, LLC,
                                        AND TWEETER OPCO, LLC**

C068072/0218358/2826943.5