IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., FOGDOG, INC., NATIONAL BASKETBALL ASSOCIATION, INC., NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER HOME ENTERTAINMENT GROUP, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC.<br><br>   Defendants. | Case No.  07-cv-5567 (JCK) (HP)<br><br>**JURY TRIAL DEMANDED**<br><br>ECF CASE |

## **DEFENDANTS NATIONAL BASKETBALL ASSOCIATION'S, NBA PROPERTIES, INC.'S, AND NBA MEDIA VENTURES, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants National Basketball Association (incorrectly named as National Basketball Association, Inc.), NBA Properties, Inc., and NBA Media Ventures, LLC (collectively, the "NBA Defendants") hereby set forth their Answer to the Second Amended Complaint of plaintiff Picture Patents, LLC ("Picture Patents"), filed on February 12, 2008 ("Second Amended Complaint").

## THE NBA DEFENDANTS' ANSWER

Responding to the individually enumerated paragraphs of the Second Amended Complaint, the NBA Defendants state as follows:

### The Parties, Jurisdiction and Venue

1. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 1 of the Second Amended Complaint, and on that basis deny them.

2. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 2 of the Second Amended Complaint, and on that basis deny them.

3. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 3 of the Second Amended Complaint, and on that basis deny them.

4. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 4 of the Second Amended Complaint, and on that basis deny them.

5. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 5 of the Second Amended Complaint, and on that basis deny them.

6. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 6 of the Second Amended Complaint, and on that basis deny them.

7. The NBA Defendants deny the allegations of the first sentence of paragraph 7 of the Second Amended Complaint, and aver that the National Basketball Association, which is an unincorporated business association having a principal place of business located at the Olympic Tower, 645 Fifth Avenue, New York, NY 10022, was incorrectly named in the Second Amended Complaint as National Basketball Association, Inc. The NBA Defendants deny the allegations of the third sentence of paragraph 7 of the Second Amended Complaint, and aver that NBA Media Ventures, LLC is a limited liability company having a principal place of business located at 450 Harmon Meadow Boulevard, Secaucus, NJ 07094. The NBA Defendants admit the remaining allegations of paragraph 7 of the Second Amended Complaint.

8. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 8 of the Second Amended Complaint, and on that basis deny them.

9. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 9 of the Second Amended Complaint, and on that basis deny them.

10. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 10 of the Second Amended Complaint, and on that basis deny them.

11. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 11 of the Second Amended Complaint, and on that basis deny them.

12. The NBA Defendants admit that the Second Amended Complaint purports to bring an action for patent infringement under the patent laws of the United States, including 35 U.S.C. §§271, 281 and 283-85, et. seq., but deny the viability of those claims.

13. The NBA Defendants admit that this court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§1331 and 1338(a).

14. The NBA Defendants admit that they are subject to personal jurisdiction in this district. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 14 of the Second Amended Complaint directed at the other defendants, and on that basis deny them. The NBA Defendants deny the remaining allegations in paragraph 14 of the Second Amended Complaint.

15. The NBA Defendants admit that venue is proper in this judicial district.

**Picture Patents' Claims for Patent Infringement**

16. The NBA Defendants admit that U.S. Patent No. 6,278,455 ("the '455 patent") is entitled "Pictorial Interface for Accessing Information in an Electronic File System" and on its face lists August 21, 2001 as the issue date, but deny that the patent was duly and legally issued. The NBA Defendants admit that what purports to be a copy of the '455 patent is attached to the Second Amended Complaint as Exhibit "A." The NBA Defendants deny the remaining allegations in paragraph 16 of the Second Amended Complaint.

17. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Second Amended Complaint, and on that basis deny them.

18. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 18 of the Second Amended Complaint, and on that basis deny them.

19. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 19 of the Second Amended Complaint, and on that basis deny them.

20. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 20 of the Second Amended Complaint, and on that basis deny them.

21. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 21 of the Second Amended Complaint, and on that basis deny them.

22. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 22 of the Second Amended Complaint, and on that basis deny them.

23. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 23 of the Second Amended Complaint, and on that basis deny them.

24. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 24 of the Second Amended Complaint, and on that basis deny them.

25. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 25 of the Second Amended Complaint, and on that basis deny them.

26. The NBA Defendants deny the allegations in paragraph 26 of the Second Amended Complaint directed at the NBA Defendants. The NBA Defendants lack sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 26 of the Second Amended Complaint, and on that basis deny them.

27. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 27 of the Second Amended Complaint, and on that basis deny them.

28. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 28 of the Second Amended Complaint, and on that basis deny them.

29. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 29 of the Second Amended Complaint, and on that basis deny them.

30. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 30 of the Second Amended Complaint, and on that basis deny them.

31. The NBA Defendants deny the allegations in paragraph 31 of the Second Amended Complaint.

32. The NBA Defendants deny the allegations in paragraph 32 of the Second Amended Complaint.

33. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 33 of the Second Amended Complaint, and on that basis deny them.

34. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 34 of the Second Amended Complaint, and on that basis deny them.

35. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 35 of the Second Amended Complaint, and on that basis deny them.

36. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 36 of the Second Amended Complaint, and on that basis deny them.

37. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 37 of the Second Amended Complaint, and on that basis deny them.

38. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 of the Second Amended Complaint, and on that basis deny them.

39. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 39 of the Second Amended Complaint, and on that basis deny them.

40. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 40 of the Second Amended Complaint, and on that basis deny them.

41. The NBA Defendants deny the allegations of paragraph 41 as they relate to the NBA Defendants. The NBA Defendants lack sufficient information to form a belief as to the truth of the allegations recited in paragraph 41 directed at other defendants, and on that basis deny them.

### Picture Patents' Jury Demand

42. The NBA Defendants admit that Plaintiff requested a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. The NBA Defendants demand a trial by jury on all issues so triable.

### Picture Patents' Prayer for Relief

43. The NBA Defendants deny that Plaintiff is entitled to any of the relief requested against the NBA Defendants in its Prayer for relief.

### General Denial

Except as specifically admitted, the NBA Defendants deny each and every allegation contained in Paragraphs 1-43 of the Second Amended Complaint.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), the NBA Defendants assert the following affirmative defenses to Plaintiff's Second Amended Complaint:

### First Affirmative Defense: Non-Infringement

44. The NBA Defendants have not infringed and do not infringe any valid and enforceable claim of the '455 patent, either directly, by inducement, or by contribution.

### Second Affirmative Defense: Invalidity

45. The claims of the '455 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense: Inequitable Conduct

46. Upon information and belief, the '455 patent is unenforceable due to inequitable conduct by the named inventor, Michelle Baker, and/or her attorneys and appointed

representatives before the United States Patent and Trademark Office (the "PTO") as part of the prosecution of related U.S. Patent No. 6,002,401 ("the '401 patent"). Upon information and belief, Ms. Baker and her representative violated the duty of candor with the intent to deceive the PTO, as described with particularity below.

### Declarations Submitted under 37 CFR §1.131

47.     Upon information and belief, Ms. Baker and her representative submitted false and misleading Rule 131 declarations with intent to deceive the PTO to obtain a U.S. patent. Ms. Baker submitted a false and misleading Rule 131 declaration during the prosecution of the '401 patent to avoid references material to patentability as prior art, including at least U.S. Patent No. 5,682,469 to Linnett.

48.     Ms. Baker's declaration alleged a date of conception prior to 1993 and due diligence from about October 18, 1993 until the effective filing date of September 30, 1994 to eliminate as prior art references material to patentability that were dated on or after October 18, 1993, including at least the Linnett reference. The declaration did not set forth sufficient facts to support such a declaration, as required under 37 CFR § 1.131(b). For the time period from October 1993 to June 1994, Ms. Baker asserted diligence without providing any factual support for the alleged diligence or an explanation for the lack of support. From June 1994 until the effective filing date, Ms. Baker showed insufficient support of diligence. The declaration also did not provide any factual support showing what aspects of the invention were conceived by October 18, 1993. Ms. Baker's representative provided a similar Rule 131 declaration, also lacking the showing of facts required under 37 CFR § 1.131(b). Upon information and belief, Ms. Baker and her representative do not have evidence of diligence, and Ms. Baker's and her representative's express representations of diligence were both false and misleading to the PTO.

49. The prosecution of the '401 patent was materially affected by the sworn representations of diligence starting from October 1993. Based on the Rule 131 declarations, Ms. Baker and her representative eliminated at least the Linnett reference.

50. Ms. Baker and her representative intentionally misled the PTO into issuing claims of a scope beyond which Ms. Baker was entitled, thereby conducting inequitable conduct and rendering the '401 patent invalid. The inequitable conduct committed with respect to the '401 patent taints the related '455 patent, which is a continuation of the '401 patent, rendering the '455 patent unenforceable as well.

### Fourth Affirmative Defense: Legal Remedy Appropriate

51. Picture Patents is not entitled to injunctive relief because any alleged injury to Picture Patents is not immediate or irreparable, and Picture Patents has an adequate remedy at law.

### Fifth Affirmative Defense: Notice/Marking

52. Picture Patents is precluded by 35 U.S.C. §287 from seeking damages for any alleged infringement prior to providing actual notice of the '455 patent to the NBA Defendants.

### Sixth Affirmative Defense: Failure to Mitigate Damages

53. Picture Patents failed to mitigate its damages.

### Seventh Affirmative Defense: Laches

54. Picture Patents' claims are barred, in whole or in part, by the equitable doctrine of laches.

### Eighth Affirmative Defense: Statute of Limitations

55. Picture Patents' claims are barred, in whole or in part, under 35 U.S.C. §286.

### Ninth Affirmative Defense: Prosecution History Estoppel

56. By reason of the proceedings in the PTO during the prosecution of the applications that resulted in the issuance of the '455 patent, Picture Patents is estopped from claiming infringement by the NBA Defendants of one or more claims of the '455 patent.

### Reservation of Rights

The NBA Defendants reserve the right to add any additional defenses or counterclaims that discovery may reveal.

### Request for Relief

The NBA Defendants respectfully request that the Court enter judgment in their favor and against Picture Patents on all of Picture Patents' claims; that the Court find this case exceptional and award the NBA Defendants their costs and attorneys' fees pursuant to 35 U.S.C. §285; and that the Court award such other further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

The NBA Defendants hereby demand a trial by jury on all issues so triable.

Dated: March 31, 2008                          Respectfully submitted,

                                               COOLEY GODWARD KRONISH LLP

                                               By:  /s/ Janet L. Cullum
                                               Janet L. Cullum (JC-2083), admitted *pro hac vice*

                                               jcullum@cooley.com
                                               1114 Avenue of Americas
                                               New York, NY 10036-7798
                                               Telephone: (212) 479-6500
                                               Facsimile: (212) 479-6275

                                               Attorneys for Defendants The National Basketball Association, NBA Properties, Inc., and NBA Media Ventures, LLC

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 31, 2008, I served a true and correct copy of the foregoing document via the Court's CM/ECF System upon:

> Thomas J. Parker
> Alston & Bird, LLP
> 90 Park Avenue
> New York, NY 10016
> Email: Thomas.parker@alston.com
> Attorneys for Plaintiff Picture Patents, LLC
>
> Irene R. Dubowy
> Thompson & Knight, LLP
> 919 Third Avenue, 39th Floor
> New York, NY 10022-3915
> Email: Irene.dubowy@tklaw.com
> Attorneys for Defendant Buy.Com, Inc.
>
> Suzanne Michelle Berger
> Bryan Cave LLP
> 1290 Avenue of Americas
> New York, NY 10104
> Email: smberger@bryancave.com
> Attorneys for Tweeter Newco LLC and Tweeter Opco, LLC

  I further certify that on March 31, 2008, I served a true and correct copy of the foregoing document via overnight courier service (Federal Express) upon:

> Bennett S. Silverberg
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, NY 10036-6522
> Attorneys for Tweeter Home Entertainment Group, Inc.
>
> Michael Mellis
> 75 Ninth Avenue, 5th Floor
> New York, NY 10011
> Attorneys for MLB Advanced Media, L.P.

Dated: New York, New York
   March 31, 2008

By: /s/ Scott J. Pashman
Scott J. Pashman (SP-7620)

13