UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., FOGDOG, INC., NATIONAL BASKETBALL ASSOCIATION, INC., NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER HOME ENTERTAINMENT GROUP, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC,<br><br>        Defendants. | Civil Case No. 07cv5567 (JCK) (HP)<br>Judge Koeltl<br><br>**JURY TRIAL DEMANDED**<br><br>ECF CASE |

**DEFENDANTS MAJOR LEAGUE BASEBALL PROPERTIES, INC.'S AND**

**MLB ADVANCED MEDIA, L.P.'S ANSWER TO PLAINTIFF'S**

**SECOND AMENDED COMPLAINT**

Defendant Major League Baseball Properties, Inc. ("MLBP"), and MLB Advanced Media, L.P. ("MLBAM"), (collectively "MLB Entities") by and through its undersigned counsel, hereby answers the Second Amended Complaint ("Complaint") of Plaintiff Picture Patents, LLC ("Plaintiff") as follows:

1. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. MLB Entities admit the allegations of paragraph 8 of the Complaint.

9. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. MLB Entities admit that the Complaint purports to allege claims for relief under the statutory provisions listed in paragraph 12 and otherwise neither admit nor deny the

allegations in paragraph 12 of the Complaint because they consist of conclusions of law as to which no response is required.

13. MLB Entities neither admit nor deny the allegations in paragraph 13 of the Complaint because they consist of conclusions of law as to which no response is required.

14. MLB Entities neither admit nor deny the allegations in paragraph 14 of the Complaint because they consist of conclusions of law as to which no response is required, admit that they are conducting business in this State and District, and deny the remaining allegations.

15. MLB Entities neither admit nor deny the allegations in paragraph 15 of the Complaint because they consist of conclusions of law as to which no response is required.

16. MLB Entities admit that U.S. Patent No. 6,278,455 (the "455 Patent") is entitled "Pictorial Interface for Accessing Information in an Electronic File System" and on its face lists August 21, 2001 as the issue date, but denies that the patent duly and legally issued. MLB Entities admits that what purports to be a copy of the '455 patent is attached to the Second Amended Complaint as Exhibit "A". MLB Entities deny the remaining allegations in paragraph 16 of the Complaint.

17. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. MLB Entities deny the allegations of paragraph 33 of the Complaint.

34. MLB Entities deny the allegations of paragraph 34 of the Complaint.

35. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41. MLB Entities deny the allegations of paragraph 41 of the Complaint as it relates to MLB Entities. MLB Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint directed at other defendants

42. MLB Entities admit that Plaintiff demands a jury as stated in paragraph 42 of the Complaint.

43. MLB Entities deny that Plaintiff is entitled to relief requested in paragraph 43 or any relief.

Except as specifically admitted, MLB Entities deny each and every allegation contained in Paragraphs 1-43 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Subject to MLB Entities' right to allege additional defenses as they become known through the course of discovery, MLB Entities assert the following Affirmative Defenses to the Complaint

### First Affirmative Defense

44.     MLB Entities have not infringed and do not presently infringe, directly or indirectly, the '455 patent in any manner.

### Second Affirmative Defense

45.     The '455 Patent is invalid for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

46.      The '455 patent is unenforceable for inequitable conduct committed before the United States Patent and Trademark Office during prosecution of the application.

### Fourth Affirmative Defense

47.     Picture Patents is not entitled to injunctive relief because any alleged injury to Picture Patents is not immediate or irreparable, and Picture Patents has an adequate remedy at law.

### Fifth Affirmative Defense

48. To the extent that Plaintiff seeks damages from MLB Entities for any alleged infringement prior to Plaintiff giving actual notice of the '455 patent to MLB Entities, Plaintiff's claims are barred pursuant to 35 U.S.C. § 287(a).

### Sixth Affirmative Defense

49. Plaintiff has failed to mitigate its damages.

### Seventh Affirmative Defense

50. Picture Patents' claims are barred, in whole or in part, by the equitable doctrine of laches.

### Eighth Affirmative Defense

51. Picture Patents' claims are barred, in whole or in part, under 35 U.S.C. § 286.

### Ninth Affirmative Defense

52. Plaintiff's claims for patent infringement against MLB Entities are precluded to the extent that any allegedly infringing products are supplied, directly or indirectly, to MLB Entities by an entity or entities having an express or implied license to the patents-in-suit and/or that Plaintiff's claims are precluded pursuant to the doctrine of patent exhaustion.

### Other Defenses

53. MLB Entities reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

MLB Entities respectfully request that the Court enter judgment in its favor and against Picture Patents on all of Picture Patents' claims; that the Court find this case exceptional and award MLB Entities its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award such other further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Defendants MLB Entities hereby demand a trial by jury on all issues so triable.

Dated: April 1, 2008
        New York, New York

By:  /s/ Michael J. Mellis
     Michael J. Mellis (MM-3844)
     Mitchell P. Schwartz (MS-2177)

     MLB Advanced Media, L.P.
     75 Ninth Avenue
     5th Floor
     New York, NY 10011

     *Attorneys for Defendants*
     *Major League Baseball Properties, Inc.*
     *MLB Advanced Media, L.P.*

**Certificate of Service**

  I hereby certify that on April 1, 2008, I served a true and correct copy of the foregoing document via the Court's CM/ECF System upon:

Thomas J. Parker
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
Email: Thomas.parker@alston.com
Attorney for Plaintiff-Counter-Defendant Picture Patents, LLC

Robert Eliot Hanlon
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
Email: rhanlon@alston.com
Attorney for Plaintiff-Counter-Defendant Picture Patents, LLC

Janet Cullum
Cooley, Godward, Kronish, L.L.P.
1114 Avenue of the Americas
New York, NY 10036-7798
Attorney for Defendant Aeropostale, Inc.

William Henry O'Brien
Cooley, Godward, Kronish, L.L.P.
1114 Avenue of the Americas
New York, NY 10036-7798
Email: wobrien@cooley.com
Attorney for Defendant Aeropostale, Inc.

Scott Jason Pashman
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036
Email: spashman@cooley.com
Attorney for Defendants Aeropostale, Inc., Dick's Sporting Goods, Inc., The Charlotte Russe, Inc., Linens 'N Things, Inc., and Defendant-Counter-Claimant GSI Commerce Solutions, Inc.

Irene Ribeiro Dubowy
Thompson & Knight, LLP
919 Third Avenue, 39th Flr.
New York, NY 10022-3915
Email: irene.dubowy@tklaw.com
Attorney for Defendant-Counter-Plaintiff Buy.com, Inc.

Suzanne Michelle Berger
Bryan Cave LLP
1290 Avenue of Americas
NY, NY 10104
212-541-2034
Fax: 212-541-1334
Email: smberger@bryancave.com
Attorney for Defendants Tweeter Newco LLC and Tweeter Opco, LLC

                                                    /s/ Mitchell Schwartz
                                                    Mitchell Schwartz (MS-2177)