IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., GSI COMMERCE, INC., FOGDOG, INC., NATIONAL BASKETBALL ASSOCIATION, NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC.<br><br>      Defendants. | Case No.  07cv5567 (JGK) (HBP)<br><br>**JURY TRIAL DEMANDED**<br><br>ECF CASE |

## **DEFENDANT LINENS 'N THINGS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Linens 'N Things, Inc. ("Linens 'N Things") hereby sets forth its Answer to the Third Amended Complaint of plaintiff Picture Patents, LLC ("Picture Patents") filed on April 8, 2008 ("Third Amended Complaint").

## **LINENS 'N THINGS' ANSWER**

Responding to the individually enumerated paragraphs of the Third Amended Complaint, Linens 'N Things states as follows:

**The Parties, Jurisdiction and Venue**

1. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 1 of the Third Amended Complaint, and on that basis denies them.

2. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 2 of the Third Amended Complaint, and on that basis denies them.

3. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 3 of the Third Amended Complaint, and on that basis denies them.

4. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 4 of the Third Amended Complaint, and on that basis denies them.

5. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 5 of the Third Amended Complaint, and on that basis denies them.

6. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 6 of the Third Amended Complaint, and on that basis denies them.

7. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 7 of the Third Amended Complaint, and on that basis denies them.

8. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 8 of the Third Amended Complaint, and on that basis denies them.

9. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 9 of the Third Amended Complaint, and on that basis denies them.

10. Linens 'N Things admits the allegations of paragraph 10 of the Third Amended Complaint.

11. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 11 of the Third Amended Complaint, and on that basis denies them.

12. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 12 of the Third Amended Complaint, and on that basis denies them.

13. Linens 'N Things admits that the Third Amended Complaint purports to bring an action for patent infringement under the patent laws of the United States, including 35 U.S.C. §§271, 281 and 283-85, et. seq., but denies the viability of those claims.

14. Linens 'N Things admits that this court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§1331 and 1338(a).

15. Linens 'N Things admits that it is subject to personal jurisdiction in this district. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Third Amended Complaint directed at the other defendants, and on that basis

denies them. Linens 'N Things denies the remaining allegations in paragraph 15 of the Third Amended Complaint.

16. Linens 'N Things admits that venue is proper in this judicial district.

### Picture Patents' Claims for Patent Infringement

17. Linens 'N Things admits that U.S. Patent No. 6,278,455 ("the '455 patent") is entitled "Pictorial Interface for Accessing Information in an Electronic File System" and on its face lists August 21, 2001 as the issue date, but denies that the patent duly and legally issued. Linens 'N Things admits that what purports to be a copy of the '455 patent is attached to the Third Amended Complaint as Exhibit "A." Linens 'N Things denies the remaining allegations in paragraph 17 of the Third Amended Complaint.

18. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 18 of the Third Amended Complaint, and on that basis denies them.

19. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 19 of the Third Amended Complaint, and on that basis denies them.

20. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 20 of the Third Amended Complaint, and on that basis denies them.

21. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 21 of the Third Amended Complaint, and on that basis denies them.

22. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 22 of the Third Amended Complaint, and on that basis denies them.

23. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 23 of the Third Amended Complaint, and on that basis denies them.

24. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 24 of the Third Amended Complaint, and on that basis denies them.

25. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 25 of the Third Amended Complaint, and on that basis denies them.

26. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Third Amended Complaint, and on that basis denies them.

27. Linens 'N Things denies the allegations in paragraph 27 of the Third Amended Complaint directed at Linens 'N Things. Linens 'N Things lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 27 of the Third Amended Complaint, and on that basis denies them.

28. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 28 of the Third Amended Complaint, and on that basis denies them.

29. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 29 of the Third Amended Complaint, and on that basis denies them.

30. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 30 of the Third Amended Complaint, and on that basis denies them.

31. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 31 of the Third Amended Complaint, and on that basis denies them.

32. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 32 of the Third Amended Complaint, and on that basis denies them.

33. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 33 of the Third Amended Complaint, and on that basis denies them.

34. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 34 of the Third Amended Complaint, and on that basis denies them.

35. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 35 of the Third Amended Complaint, and on that basis denies them.

36. Linens 'N Things denies the allegations in paragraph 36 of the Third Amended Complaint.

37. Linens 'N Things denies the allegations in paragraph 37 of the Third Amended Complaint.

38. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 of the Third Amended Complaint, and on that basis denies them.

39. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 39 of the Third Amended Complaint, and on that basis denies them.

40. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 40 of the Third Amended Complaint, and on that basis denies them.

41. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 41 of the Third Amended Complaint, and on that basis denies them.

42. Linens 'N Things denies the allegations of paragraph 42 as it relates to Linens 'N Things. Linens 'N Things lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 42 directed at other defendants, and on that basis denies all allegations of paragraph 42.

## Picture Patents' Jury Demand

43. Defendant Linens 'N Things admits that Plaintiff requested a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. Defendant Linens 'N Things demands a trial by jury on all issues so triable.

## Picture Patents' Prayer for Relief

44. Linens 'N Things denies that Plaintiff is entitled to any of the relief requested against Linens 'N Things in its Prayer for relief.

## General Denial

Except as specifically admitted, Linens 'N Things denies each and every allegation contained in Paragraphs 1-44 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Linens 'N Things asserts the following affirmative defenses to Plaintiff's Third Amended Complaint:

### First Affirmative Defense: Non-Infringement

45. Linens 'N Things has not infringed and does not infringe any valid and enforceable claim of the '455 patent, either directly, by inducement or by contribution.

### Second Affirmative Defense: Invalidity

46. The claims of the '455 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense: Inequitable Conduct

47. Upon information and belief, the '455 patent is unenforceable due to inequitable conduct by the named inventor, Michelle Baker, and/or her attorneys and appointed representatives before the United States Patent and Trademark Office (the "PTO") as part of the prosecution of related U.S. Patent No. 6,002,401 ("the '401 patent"). Upon information and belief, Ms. Baker and her representative violated the duty of candor with the intent to deceive the PTO, as described with particularity below.

### Declarations Submitted under 37 CFR §1.131

48.     Upon information and belief, as explained in detail below, Ms. Baker and her representative submitted false and misleading Rule 131 declarations with intent to deceive the PTO to obtain a U.S. patent. Ms. Baker submitted a false and misleading Rule 131 declaration during the prosecution of the '401 patent to avoid U.S. Patent No. 5,682,469 to Linnett, which was material to patentability as prior art.

49.     Ms. Baker's declaration alleged a date of conception prior to 1993 and due diligence from about October 18, 1993 until the effective filing date of September 30, 1994 to eliminate as prior art the Linnett reference, which was material to patentability. The declaration did not set forth sufficient facts to support such a declaration, as required under 37 CFR § 1.131(b). In particular, Ms. Baker and her representative provided no corroborating evidence, such as sketches, blueprints, photographs, reproductions of notebook entries, models, supporting statements by disinterested witnesses, testimony given in an interference, disclosure documents, or other records, and no explanation for their absence. *See* 37 C.F.R. § 1.131(b) ("Original exhibits of drawings or records, or photocopies thereof, must accompany and form part of the affidavit or declaration or their absence must be satisfactorily explained."); *see also* the Manual of Patent Examining Procedure § 715.07 (8th ed. 6th rev. 2007) (listing exemplary documents for complying with the showing of facts required under 37 C.F.R. § 1.131(b)). The declaration also did not provide any factual support showing what aspects of the invention were conceived by October 18, 1993.

50.     For the time period from October 1993 to June 1994, Ms. Baker asserted diligence without providing any factual support for the alleged diligence or an explanation for the lack of support. From June 1994 until the effective filing date, Ms. Baker provided insufficient support for her claim of diligence. Ms. Baker's representative provided a similar

Rule 131 declaration, also lacking the showing of facts required under 37 CFR § 1.131(b). Upon information and belief, Ms. Baker and her representative do not have evidence of diligence and/or withheld such evidence when they had a duty to disclose it, and Ms. Baker's and her representative's express representations of diligence were both false and misleading to the PTO.

51. The prosecution of the '401 patent was materially affected by the sworn representations of diligence starting from October 1993. Based on the Rule 131 declarations, Ms. Baker and her representative eliminated the Linnett reference.

52. Ms. Baker and her representative intentionally misled the PTO into issuing claims of a scope beyond which Ms. Baker was entitled, thereby conducting inequitable conduct and rendering the '401 patent invalid. The inequitable conduct committed with respect to the '401 patent taints the related '455 patent, which is a continuation of the '401 patent, rendering the '455 patent unenforceable as well.

### Fourth Affirmative Defense: Legal Remedy Appropriate

53. Picture Patents is not entitled to injunctive relief because any alleged injury to Picture Patents is not immediate or irreparable, and Picture Patents has an adequate remedy at law.

### Fifth Affirmative Defense: Notice/Marking

54. Picture Patents is precluded by 35 U.S.C. §287 from seeking damages for any alleged infringement prior to providing actual notice of the '455 patent to Linens 'N Things.

### Sixth Affirmative Defense: Failure to Mitigate Damages

55. Picture Patents failed to mitigate its damages.

### Seventh Affirmative Defense: Laches

56. Picture Patents' claims are barred, in whole or in part, by the equitable doctrine of laches.

### Eighth Affirmative Defense: Statute of Limitations

57. Picture Patents' claims are barred, in whole or in part, under 35 U.S.C. §286.

### Ninth Affirmative Defense: Prosecution History Estoppel

58. By reason of the proceedings in the PTO during the prosecution of the applications that resulted in the issuance of the '455 patent, Picture Patents is estopped from claiming infringement by Linens 'N Things of one or more claims of the '455 patent.

### Tenth Affirmative Defense: Prosecution Laches

59. The '455 patent is unenforceable under the doctrine of prosecution laches due to the unreasonable and unexcused delay in prosecution.

### Reservation of Rights

Linens 'N Things reserves the right to add any additional defenses or counterclaims that discovery may reveal.

### Request for Relief

Linens 'N Things respectfully requests that the Court enter judgment in its favor and against Picture Patents on all of Picture Patents' claims; that the Court find this case exceptional and award Linens 'N Things its costs and attorneys' fees pursuant to 35 U.S.C. §285; and that the Court award such other further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant Linens 'N Things hereby demands a trial by jury on all issues so triable.

Dated: April 25, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By: /s/ Nathan K. Cummings

Nathan K. Cummings (admitted pro hac vice)
ncummings@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190
Telephone: (703) 456-8000
Facsimile:  (703) 456-8100

Attorneys for Defendant Linens 'N Things, Inc.

Of Counsel:

Steven E. Ross (to be admitted *pro hac vice*)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
sross@gardere.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I served a true and correct copy of the foregoing document via the Court's CM/ECF System upon:

>Thomas J. Parker
>Alston & Bird, LLP
>90 Park Avenue
>New York, NY 10016
>Email: Thomas.parker@alston.com
>Attorneys for Plaintiff Picture Patents, LLC
>
>Irene R. Dubowy
>Thompson & Knight, LLP
>919 Third Avenue, 39th Floor
>New York, NY 10022-3915
>Email: Irene.dubowy@tklaw.com
>Attorneys for Defendant Buy.Com, Inc.
>
>Suzanne Michelle Berger
>Bryan Cave LLP
>1290 Avenue of Americas
>New York, NY 10104
>Email: smberger@bryancave.com
>Attorneys for Tweeter Newco LLC and Tweeter Opco, LLC

Dated: Reston, Virginia
         April 25, 2008

>By: /s/ Nathan K. Cummings
>Nathan K. Cummings (admitted *pro hac vice*)