UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————

PICTURE PATENTS, LLC,

     Plaintiff,                                                    07 Civ. 5567 (JGK)
     Declaratory Judgment Plaintiff

          - against -                                          <u>MEMORANDUM OPINION</u>
                                 <u>AND ORDER</u>

AEROPOSTALE, INC., ET AL.

     Defendants,

     and

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

     Declaratory Judgment Defendant.
———————————————————————————


JOHN G. KOELTL, District Judge:

     The plaintiff, Picture Patents, LLC, ("Picture Patents"),
brought an action against declaratory judgment defendant,
International Business Machines Corp., ("IBM"), seeking
declaratory judgment that Picture Patents is the inventor and
owner of U.S. Patent No. 6,278,455 ("the '455 Patent").  IBM
filed counterclaims for declaratory judgment of ownership of the
'455 Patent, and various other patents, and patent applications,
breach of contract, conversion and unjust enrichment.  The
plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(6),
now moves to dismiss the defendant's counterclaims for
conversion and unjust enrichment.

I.

On a motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the counterclaim are accepted as true.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In deciding a motion to dismiss, all reasonable inferences must be drawn in the counter-plaintiff's favor.  Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the [counterclaim] itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the counterclaim if the counter-plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly v. Bell Atl. Corp., 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the [counter-plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counter-defendant] is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In deciding the counter-defendant's motion to dismiss, the Court may consider documents attached to the counterclaim or incorporated in it by reference, matters of which judicial notice may be taken, or documents that the counter-plaintiff

relied upon in bringing suit and either are in his possession or of which he had knowledge.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2000); see also Jofen v. Epoch Biosciences, Inc., No. 01 Civ. 4129, 2002 WL 1461351, at *1 (S.D.N.Y. July 8, 2002).

While the Court should construe the factual allegations in the light most favorable to the counter-plaintiff, "the tenet that a court must accept as true all of the allegations contained in a [counter-claim] is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949; see also Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007); Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).


II.

The following facts are accepted as true for the purposes of this motion.

IBM hired Michelle Baker ("Baker") as an employee at the IBM Thomas J. Watson Research Center in 1990.  (IBM Resp. ¶ 23.) Before starting her employment, Baker signed an IBM Employee Agreement ("the IBM Agreement") which stated, among other things: "I hereby assign to IBM my entire right, title and interest in any idea, invention, design of a useful article, computer program and related documentation, and other work of

3

authorship, hereafter made or conceived solely or jointly by me
. . . [that] (a) relate[s] to the actual or anticipated business
or research or development of IBM or its subsidiaries, or (b)
[is] suggested by or result[s] from any task assigned to me or
work performed by me for or on behalf of IBM or its
subsidiaries." (IBM Countercls. ¶ 14.)

Baker developed a user-interface invention while at IBM.
(4th Am. Compl. ¶¶ 23-25.) Baker discussed with another IBM
employee the design, functionality, and operation of the
interface. (IBM Resp. ¶ 25.) Baker also attempted to convince
IBM to submit a National Science Foundation proposal. (IBM
Resp. ¶ 27.)

Baker's employment with IBM ended in June 1993. (IBM Resp.
¶ 23.) On September 30, 1994, she filed U.S. Patent Application
Serial No. 08/316,518 ("the '518 Patent Application"), which is
directed to the same user interface Baker disclosed to IBM.
(IBM Countercls. ¶ 7.) The '455 Patent was the last of three
U.S. patents to issue from a chain of continuing patent
applications based on the '518 Patent Application. The other
two patents in the chain are U.S. Patent Nos. 5,715,416 (the
'416 Patent") and 6,042,401 ("the '401 Patent"). (IBM
Countercls. ¶ 7.) IBM claims that it has the right to all of
these patents because they are based on work that Baker did
while at IBM.

4

Baker is the sole member or shareholder in Picture Patents. (IBM Countercls. ¶ 34.)  Baker assigned the '455 Patent Family to the plaintiff.  (IBM Countercls. ¶ 34.)  Picture Patents has asserted the '455 Patent Family in several lawsuits and has licensed the patent to several companies.  (IBM Countercls. ¶¶ 32, 34.)  The plaintiff has received money as the result of its licensing efforts, settlements of patent infringement litigations, damages awarded from patent infringement litigations and other activities concerning the '455 Patent Family or the Foreign Patents.  (IBM Countercls. ¶ 37.)

III.

A.

Picture Patents argues that IBM's conversion and unjust enrichment counterclaims should be dismissed because they are duplicative of IBM's breach of contract counterclaim.  The plaintiff asserts that all three counterclaims rely solely on the existence of the express written agreement between IBM and Baker and that there can be no recovery based on conversion or unjust enrichment when those claims relate to the same subject matter to which the IBM Agreement pertains.

It is a well-settled principle of New York law that quasi-contract claims such as quantum meruit and unjust enrichment ordinarily are not available where there is a valid agreement between the parties covering the same subject matter.  See Allen

v. J.P. Morgan Chase and Co., No. 06 Civ. 8712, 2009 WL 857555,
at *15 (S.D.N.Y. Mar. 31, 2009) (citing Mid-Hudson Catskill
Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168,
175 (2d Cir. 2005)); Payday Advance Plus, Inc. v. Findwhat.com,
Inc., 478 F. Supp. 2d 496, 504 (S.D.N.Y. 2007).  Similarly, if a
plaintiff brings a breach of contract claim, a conversion claim
can only "succeed if the party alleges a wrong that is distinct
from any contractual obligations."  See Command Cinema Corp. v.
VCA Labs, Inc., 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006).  "[A]
plaintiff must show acts that were unlawful or wrongful as
opposed to violations of contractual rights."  Id.

      In this case, the wrongful conduct on which the conversion
and unjust enrichment claims are based is different from the
wrongful conduct on which the breach of contract claim is based.
The breach of contract claim is based on the alleged breach of
the IBM Employment Agreement by Baker's assignment of the '455
Patent Family to Picture Patents instead of IBM.  The conversion
and unjust enrichment claims are based on Picture Patents'
alleged receipt of money through licensing and enforcing the
'455 Patent Family.  Because the subject matter of the breach of
contract claim differs from the subject matter of the unjust
enrichment and conversion claims, they are not duplicative.

B.

Moreover, IBM can bring claims of conversion and unjust enrichment as alternatives to the breach of contract claim. "When there is a bona fide dispute as to the existence of a contract, a party may proceed upon a theory of unjust enrichment, and an unjust enrichment claim may be alleged alongside a breach of contract claim." Labajo v. Best Buy Stores, L.P., 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007) (citing In re Vivendi Universal, S.A., No. 02 Civ. 5571, 03 Civ. 2175, 2004 WL 876050, at *12 (S.D.N.Y. Apr. 22, 2004)).  IBM argues that Picture Patents was the alter ego of Baker and is therefore liable under the IBM Employee Agreement.  Picture Patents argues that it is not Baker's alter ego and therefore it is not bound by the Agreement.  Because there is a dispute over the existence of a contract between Picture Patents and IBM, conversion and unjust enrichment can be pleaded as alternative theories to breach of contract.  See Tierney v. Omnicom Group, Inc., No. 06 Civ. 14302, 2007 WL 2012412, at *8-9 (S.D.N.Y. Aug. 20, 2007) (denying motion to dismiss because there was a dispute whether the express contract covered the subject matter of the quasi-contractual claims).

CONCLUSION

For the reasons explained above the plaintiff's motion to dismiss the defendant's counterclaims is **denied without prejudice** to renewal on a motion for summary judgment.  The Court has carefully considered all the arguments presented by the parties.  Any argument not expressly discussed above is either moot or without merit.  The Clerk of the Court is directed to close Docket No. 139.

**SO ORDERED.**

**Dated:**    **New York, New York**
           **August 19, 2009**

John G. Koeltl
United States District Judge